Joshua D. Brinen
BRINEN & ASSOCIATES, LLC
90 Broad Street, Second Floor
New York, New York 10004
(212) 330-8151 (Telephone)
(212) 227-0201 (Fax)
jbrinen@brinenlaw.com
Attorneys for Petitioner Heath Justin Harris

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Heath Justin Harris, <br><br> Petitioner, <br><br> v. <br><br> Wells Fargo Clearing Services, LLC, <br><br> Respondent. | Civil Action No. 18-4625 <br><br> **VERIFIED PETITION TO VACATE ARBITRATION AWARD** |

**Preliminary Statement**

1. Petitioner Heath Justin Harris, (the "Petitioner,") by and through his undersigned counsel, submits this Verified Petition to Vacate Arbitration Award, and, based on the Memorandum of Law in Support of Verified Petition to Vacate Arbitration Award and the Petition of Heath Justin Harris, filed contemporaneously, respectfully prays that the Court vacate the arbitration award, "the Award," dated April 23, 2018, and putatively served on April 24, 2018.

**Parties**

2. Petitioner is an individual who resides, and did reside at all relevant times relating to the issues of this Petition to Vacate, at 900 East Fort Ave. Apt 302, Baltimore, Maryland. 21230.

3. Respondent Wells Fargo Clearing Services, LLC (the "Respondent" or "Wells") is, under information and belief, a Delaware limited liability company whose owner is a resident of

California and is a registered broker-dealer with the U.S. Securities and Exchange Commission and is a member firm of the Financial Industry Regulatory Authority ("FINRA").

## Jurisdiction and Venue

4. This Court has jurisdiction based on the Parties' diversity of citizenship.

5. Petitioner is an individual and a resident of Baltimore, Maryland and is an affiliated person pursuant to FINRA rules.

6. Respondent Wells is, under information and belief, a privately-owned Delaware limited liability company whose owner is a resident of California and is a registered broker-dealer with the U.S. Securities and Exchange Commission and is a member firm of FINRA.

7. The amount in controversy exceeds $75,000 pursuant to the Award.

8. Venue is proper, as, on information and belief, Respondent maintains an office in New York County.

## Background

9. Respondent Wells in this matter filed its Statement of Claim (the "SOC") through FINRA on or about November 6, 2017 seeking damages of Three Hundred Sixty-Two Thousand Six Hundred Forty-One Dollars Seventy-Three Cents ($362,641.73).

10. The underlying arbitration was captioned *Wells Fargo Clearing Services, LLC v. Heath Justin Harris* and was assigned FINRA Case No.: 17-02972 (the "FINRA Arbitration").

11. The FINRA Arbitration between the Petitioner and the Respondent in this matter was filed through the FINRA Department of Arbitration pursuant to the terms of two Promissory Notes entered into by the Petitioner and Respondent.

12. A copy of each Promissory Note is annexed hereto as Exhibit "A" and Exhibit "B" respectively.

13. The Respondent mailed the SOC to Petitioner at 1200 Steaurt Street, Apt 930, Baltimore, Maryland 21230.  (the "Old Address"), as subsequently discovered by Petitioner through a review of the FINRA Portal relating to the case, after an award was rendered.

14. At the time of the filing of the SOC by Respondent on November 6, 2017, Petitioner resided at 900 East Fort Ave. Apt. 302, Baltimore, Maryland 21230 (the "New Address").

15. Petitioner did not receive service of process of the FINRA arbitration.

16. Petitioner did not file an Answer to the SOC because he was never served with a copy of the SOC as the SOC was served at the Old Address and not the New Address.

17. Petitioner did not participate in the arbitration because he was never served with a copy of the SOC as the SOC was served at the Old Address and not the New Address.

18. Petitioner received no Notices from FINRA,  did not receive any discovery or hearing submissions from Respondent, and did not even receive a copy of the award in the underlying arbitration because he was never served with a copy of the SOC as the SOC was served at the Old Address and not the New Address.

19. Petitioner discovered the award on-line.

20. After leaving the employ of Respondent Wells, and before the SOC was filed, as required by FINRA procedure, Petitioner notified his than current employer, Citibank, of his new address and requested that his FINRA records be updated to reflect the new address.

21. As is FINRA procedure to ensure that Registered Representatives receive any FINRA correspondence or Service of Process at a current address, Petitioner directed his than-current employer, Citigroup, to update his address through the FINRA  Central Registration Depository ("CRD") records so that his Form U-4  would reflect his new address.

22. Only Petitioner's employer has the ability to update the Petitioner's CRD.

23. Petitioner has stated under oath and through e-mail documentation, that he requested that his CRD be updated in June 2017.  See, Affidavit of Petitioner at 15-16, Exhibit C to Affidavit of Petitioner.

24. FINRA procedure on the service of an associate person states that:

"The Director will serve the Claim Notification Letter on an associated person directly at the person's residential address or usual place of abode. If service cannot be completed at the person's residential address or usual place of abode, the Director will serve the Claim Notification Letter on the associated person at the person's business address."   FINRA §12301. Service on Associated Persons (a)

25. FINRA did not serve Petitioner at his residential address.

26. FINRA did not serve Petitioner at his place of business.

27. By failing to properly ensure service of process, the Arbitrator made the award in clear disregard of the law pursuant to the provisions of the Federal Arbitration Act (the "FAA")

28. An Arbitrator who acts in the clear disregard of the law, exceeds his or her authority.

29. An award rendered by an Arbitrator who acts in the clear disregard of the law violates the FAA.

30. The Award rendered by the sole Arbitrator on or about April 23, 2018 against Petitioner in the FINRA Arbitration violated provisions of the FAA relating to manifest disregard of law.

### Respondent's Claim

31. Respondent is claiming that Petitioner, a former employee of Respondent, has failed to repay two (2) Promissory Notes.

## The Arbitration Award

32.     The case was conducted by summary procedure without a hearing by FINRA.

33.     On or about April 23, 2018, Patricia H. Latham, the sole arbitrator, rendered an award against Petitioner in the amount of Three Hundred Sixty-Two Thousand Six Hundred Forty-One Dollars Seventy-Three Cents ($362,641.73) plus interest, and denied the counterclaim sought by Petitioner.  A copy of the Award is annexed as Exhibit "C" hereto.

## Reasons to Vacate the Award

34.     Due to no fault of Petitioner, the Petitioner had no notice of the arbitration proceedings and was not served with process pursuant to FINRA §12301. <u>Service on Associated Persons</u> (a).

35.     By failure to adhere to FINRA §12301. <u>Service on Associated Persons</u> (a), the Award rendered on or about April 23, 2018 against Petitioner in the FINRA Arbitration violated provisions of the FAA relating to manifest disregard of law.

## Conclusion

36.     Petitioner herein had no knowledge of the claim, the arbitration, or the result.  FINRA's failure to serve notice on the Petitioner was not due to Petitioner's failure to notify his employer of his new address, which in turn had the sole authority to update FINRA records.  Only the than-employer of Petitioner had the ability to update the Petitioner's CRD, and Petitioner has stated under oath and through e-mail documentation, that he requested that his CRD be updated in June 2017, but which never occurred.  The award should be vacated as the arbiter exceeded her authority due to FINRA's numerous failures to serve process properly pursuant to FINRA §12301. <u>Service on Associated Persons</u> (a).  Such a failure was a manifest disregard of the law.  Given that FINRA failed to follow the agreement set forth between the parties in violation of the FAA, any such decision would render any decision that resulted from the arbiters exceeding their powers

under the contract, subject to being vacated by this Court.  See, Encyclopaedia Universalis S.A. at 92. See, also, Avis at 23.  Given the failure to follow the parties' agreement, the arbitrator breached the arbitration contract. Therefore, the award should be vacated.

WHEREFORE, Petitioner seeks an Order as follows:

a. vacating the Award, and

b. granting such other relief as the Court deems just and proper.

Dated:    New York, New York
          May 24, 2018

Respectfully submitted,

BRINEN & ASSOCIATES, LLC

By: _____
Joshua D. Brinen (JB9708)
90 Broad Street, Second Floor
New York, New York 10004
(212)330-8151 (Telephone)
(212)227-0201 (Fax)
jbrinen@brinenlaw.com
Attorneys for Petitioner Heath Justin Harris

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK  )

  JOSHUA D. BRINEN, being duly sworn, states that he is the attorney for Petitioner Heath Justin Harris and that the foregoing Petition is true to his own knowledge, except as to matters therein stated on information and belief, and as to those matters he believes the Petition to be true on the grounds of Respondent Wells Fargo Clearing Services, LLC's Statement of Claim.

  This Verification is not made by Petitioner, as the Petitioner does not reside in the county in which the undersigned has his principal place of business.

Joshua D. Brinen

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK  )

  On the 24th day of May 2018, before me, the undersigned, personally appeared Joshua D. Brinen, personally known to me, or proved to me on the basis of satisfactory evidence, to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he/she executed the same in his/her capacity, and that, by his/her signature on the instrument, the individual or the person on whose behalf the individual acted, executed the instrument.

Notary Public

State of New York  County of New York
Subscribed and sworn to (or affirmed) before me this 24TH day of MAY, 20 18.
By JOSHUA D. BRINEN
Personally known X OR produced identification ____
Type of identification produced ____
Martha S. Thrush
MARTHA S. THRUSH, Notary Public #02TH6063030
My Commission Expires October 16, 2021