Joshua D. Brinen
Brinen & Associates, LLC
90 Broad Street, Second Floor
New York, New York 10004
(212) 330-8151 (Telephone)
(212) 227-0201 (Fax)
jbrinen@brinenlaw.com
Attorneys for Petitioner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| HEATH JUSTIN HARRIS, | : | Civil Action No. 18-cv-04625 (GBD) |
| | : | |
| Petitioner, | : | **PETITIONER'S REPLY TO** |
| v. | : | **DEFENDANT'S OPPOSITION** |
| | : | **TO MOTION TO VACATE** |
| WELLS FARGO CLEARING | : | **ARBITRATION AWARD AND** |
| SERVICES, LLC, | : | **IN OPPOSITION TO CROSS-** |
| | : | **MOTION TO CONFIRM** |
| Respondent. | : | |
| | : | |

Petitioner Heath Justin Harris ("Harris"), by and through his undersigned counsel, submits this Reply to Defendant Wells Fargo Clearing Services, LLC's ("Wells Fargo") Opposition to Motion to Vacate Arbitration Award and in Opposition to Cross-Motion to Confirm, Doc. No. 28, filed October 30, 2018.

## REPLY

### *Updating the CRD*

Wells Fargo quotes *Staples v. Morgan Stanley Smith Barney*, 2013 U.S. Dist. LEXIS 154350 at *17 (D. Mont. 2013) as follows:

> It was Staples [sic] responsibility to update his CRD as to both his business and residential addresses.... Doc. No. 28 at *6, n. 3.

There, the court cites to no authority in support of its assertion, much less authority that is binding on this Court, and that court's decision is not binding on this Court. *See In re Penn Cent.*

1

*Commercial Paper Litigation*, 62 F.R.D. 341, 347 (S.D.N.Y. 1974) ("It is hornbook law that 'in the same court system, as in the federal, a decision is not binding upon a court of equal rank. . . . Thus a decision of one district court is not binding upon a different district court.' 1B J. Moore, Federal Practice para. 0.402[1] p. 61.").

Wells Fargo quotes *N. Woodward Fin. Corp., Exchange Act Release No. 74913*, 2015 SEC LEXIS 1867 at *28 (May 8, 2015) as follows:

> The duty to maintain an accurate Form U4 lies primarily with an associated person who is in the best position to provide information about the questions presented on the form. Doc. No. 28 at *7.

There, the SEC also states as follows:

> But a member, which is required to file the Form U4, also is subject to that duty and therefore can be held liable for failing to satisfy it. *N. Woodward Fin. Corp., Exchange Act Release No. 74913*, 2015 SEC LEXIS 1867 at *28 (footnote omitted).

This is consistent with Harris's allegation of his employer's failure to update Harris's U4.

Wells Fargo states as follows:

> The email that Harris produced in an effort to support his assertion that he instructed his employer to update his residential address is incomplete and does not mention FINRA or actually request his employer to update anything with FINRA. Doc. No. 28 at *7 (citation to the record omitted).

However, Wells Fargo also quotes Article V, Section 2(c) of FINRA's By-Laws as requiring that "every Form U4 filed with FINRA must be accurate, and must be kept current through supplemental amendments that are to be filed within 30 days of learning of the facts and circumstances giving rise to the amendment." Doc. No. 28 at *7. Pursuant to the express terms of

FINRA's By-Laws, Harris's advising his employer of his address triggered his employer's duty to update Harris's U4.

The case law cited by Respondent *supports* Petitioner's contention that by notifying his employer of his new address, he honored his responsibilities under the FINRA rules and Bylaws to have his CRD updated by his employer as he had no ability to do so without his employer entering the data.

Accordingly, Wells Fargo's Opposition that Harris' actions did not meet the requirement to comply with the FINRA rules and Bylaws concerning the updating of his CRD is insufficient to defeat Harris's Petition.

*Misinterpretation of the FINRA Rules on Service*

Wells Fargo quotes FINRA Section 13301(a) of the FINRA Code of Arbitration Procedure for Industry Disputes.

> "[t]he Director will serve the Claim Notification Letter on an associated person directly at the person's residential address or usual place of abode."

Wells Fargo fails to quote the second sentence of FINRA Section 13301(a) which states "If service cannot be completed at the person's residential address or usual place of abode, the Director will serve the initial statement of claim on the associated person at the person's business address."

Wells Fargo quoting one sentence of FINRA Section 13301(a) of the FINRA Code of Arbitration Procedure for Industry Disputes without revealing the whole provision mischaracterizes and misquotes the FINRA Rules of Service.

Wells Fargo further quotes *Staples v. Morgan Stanley Smith Barney*, 2013 U.S. Dist.

LEXIS 154350 on the subject of service.

"[t]he evidence support[ed] the arbitrator's finding that FINRA properly served Staples with the Statement of Claim and other arbitration notices, including the arbitration award."

In addition to being a Montana case and not binding on the United States District Court for the Southern District of New York, *Staples v. Morgan Stanley Smith Barney* uses as its measuring stick to determine if service was completed properly, FINRA's Arbitration Code § 13300(d) and (e).

Those sections were replaced or deleted from the FINRA Code of Arbitration Procedure by the time of the FINRA action being filed by Claimant.

FINRA's Arbitration Code § 13300 was replaced by FINRA Section 13301 of the FINRA Code of Arbitration Procedure for Industry Disputes for all actions after April 16, 2007.  See, FINRA's Arbitration Code § 13300, located at http://finra.complinet.com/en/display/display_main.html?rbid=2403&element_id=8059

The new provision significantly changes the service requirements of FINRA.

Accordingly, Wells Fargo's Opposition concerning the validity and adequacy of service is insufficient to defeat Harris's Petition.

### *Mischaracterization of Petitioner's Statements*

Wells Fargo mischaracterizes the admissions of Petitioner in its Opposition.  Respondent states that Petitioner "admits that he received the August 18, 2017 letter."  See, Respondent's Omnibus Memorandum of Law in Support of Cross-Petition to Confirm and In Opposition to Motion to Vacate Arbitration Award, Document 28, Page 3.

Respondent fails to state that Petitioner admitted he received that Demand letter on May 1,

4

2018 and, therefore, it is improper to conclude that Petitioner was on Notice of a potential Claim in August 2017.  <u>See</u>, Admission to Interrogatory Number 1.  <u>See</u>, Respondent's Omnibus Memorandum of Law in Support of Cross-Petition to Confirm and In Opposition to Motion to Vacate Arbitration Award, Document 28, Page 3.

Respondent claims that Petitioner saw a draft of the Statement of Claim in October 2017.

Respondent puts forward no discovery supporting such an assertion.

Petitioner admitted he learned about the claim on May 1, 2018, well after the claim had been served and the FINRA decision was rendered.  Petitioner's Answer to Interrogatory Number 2.

Accordingly, Wells Fargo's Opposition which misuses the propounded discovery is insufficient to defeat Harris's Petition.

## CONCLUSION

Wells Fargo's Opposition is insufficient to defeat Harris's Petition.

Dated:       New York, New York
             November 7, 2018

Respectfully submitted,

_____
Joshua D. Brinen (JB9708)
Brinen & Associates, LLC
90 Broad Street, Second Floor
New York, New York 10004
(212)330-8151 (Telephone)
(212)227-0201 (Fax)
jbrinen@brinenlaw.com
Attorneys for Petitioner