UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HEATH JUSTIN HARRIS,          :

              Plaintiff,          :

          v.          :

WELLS FARGO CLEARING SERVICES, LLC,   :

             Defendant.          :
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

18-CV-4625 (GBD) (KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

**MOTION FOR ATTORNEYS' FEES**

Before the Court is the defendant's motion for attorneys' fees and expenses pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. The defendant seeks $46,635.27, in attorneys' fees, and $2,593.85, in costs. In support of the motion, the defendant submitted its "Memorandum in Support of Motion for Attorneys' Fees and Expenses." The defendant asserts that attached to its memorandum of law are: (i) Exhibit A, a copy of an arbitration award "issued on April 23, 2018 that granted Wells Fargo relief against Harris based on two promissory notes"; (ii) Exhibit B, "[a] copy of the Notes, which were the subject of the Award at issue in this proceeding"; (iii) Exhibit C, "[t]he affidavit of counsel Andrew Park"; and (iv) Exhibit D, "[t]he affidavit of counsel Tracey Salmon-Smith." According to the defendant, provisions of "both Notes at issue, Exhibit 'B' at 2 & 6, provide that Harris 'agree[s] to pay all reasonable costs and expenses incurred by or on behalf of'" the defendant. The plaintiff opposed the motion contending it is: (a) deficient because it does not include defense counsel's contemporaneous time records; and (b) "outside of the fee provision in the promissory notes." Thereafter, the defendant filed a document styled "Notice of Filing of Supplemental Affidavits in Support of

1

Motion for Attorneys' Fees and Costs," containing "supplemental affidavits of both Andrew R. Park and Tracey Salmon-Smith [with] contemporaneous time records." The defendant also filed its reply, asserting: "Harris objects that Wells Fargo did not provide detailed time sheet records in support of its request. Wells Fargo supplemented its request and included detailed time sheet records. Thus, Harris now has the information sought." The defendant contends that "[t]he fee provision of the promissory notes covers all aspects of this proceeding."

## LEGAL STANDARD

A fee application that is not supported by evidence of "contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done" should normally be denied. New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983). "*Carey* establishes a strict rule from which attorneys may deviate only in the rarest of cases." Scott v. City of New York, 626 F.3d 130, 133 (2d Cir. 2010). Rare circumstances are "such as where the records were consumed by fire or rendered irretrievable by a computer malfunction before counsel had an opportunity to prepare his application—the circumstances justifying such an exception would have to be found by the awarding court and laid out in sufficient detail to permit review of the justification on appeal." Id. at 134. See Kulhawik v. Holder, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence.").

## APPLICATION OF LEGAL STANDARD

The defendant's exhibits are attached to its memorandum of law improperly because a memorandum of law is not evidence. See Giannullo v. City of New York, 322 F.3d 139, 142 (2d Cir. 2003) ("[M]emorandum of law . . . is not evidence at all."). The defendant made improper factual assertions in its memorandum of law in connection with the improperly submitted

2

attachments, namely Exhibit A and B, which were unsupported by evidence, as unsworn statements by an attorney made in a brief are not evidence. See Kulhawik, 571 F.3d at 298.

The defendant failed to comply with the strict requirement imposed in this circuit by Carey, by failing to submit its counsel's contemporaneous time records in support of the attorneys' fees request. The defendant neither sought nor obtained authorization to file supplemental affidavits containing its counsel's contemporaneous time records, **after** the plaintiff opposed the motion on the ground that it failed to comply with the Carey requirement. The defendant failed to: (1) make citation to any authority that would permit consideration of its unauthorized supplemental affidavits; and (2) provide any explanation respecting what, if anything, prevented the defendant from submitting its counsel's contemporaneous time records in the first place. The defendant does not assert any exceptional circumstance that would exempt it from the Carey requirement. Moreover, the defendant failed to submit evidence establishing its contention that the provisions of "both Notes at issue, Exhibit 'B' at 2 & 6 provide that Harris 'agree[s] to pay all reasonable costs and expenses incurred by or on behalf of'" the defendant. The Court finds that denying the defendant's motion, because it is unsupported by evidence, is warranted.

## CONCLUSION

For the foregoing reasons, the defendant's motion, Docket Entry No. 36, is denied.

Dated: New York, New York
       June 3, 2019                SO ORDERED:

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

3